Smith, J.
In this case, Elrod, the plaintiff, claimed to be the owner of a life-estate in two separate tracts of land in Clermont county, Ohio. His mother, Cynthia Elrod, had been the owner of said life-estate, and executed to her son a deed therefor. He also claimed to be the owner of an undivided interest in remainder (say one-fifth), in each of the two tracts, and he filed his petition for the partition thereof, making the other parties claiming an interest defendants.
One of them filed an answer, denying that the plaintiff was the owner of the life-estate therein, and denying further that the plaintiff was entitled to have partition thereof. The court on the hearing found that the plaintiff was the owner of the life-estate in both tracts.
It further appeared from the allegations of the petition, and this was not denied, that one Frazier, in his life-time, was the owner of the first tract in the petition described, and that by his will he devised the same to said Cynthia Elrod for her lifetime, and on her death to her heirs. She is still living and is about 65 years of age.
*39 It was also alleged in the petition, and was admitted to be true, that-Elrod, father of the petitioner, was in his lifetime the owner of the second tract, and by his will devised the same to his wife, the said Cynthia Elrod, and on her death it was to go to his heirs in fee-simple. But it was further provided in his will, that as two of his children (naming them) had each received from him an advancement of the sum of $1,300, that at the death of his wife the land was to be so divided that each of the other children should receive $1,300 in value of said land, before the two, who had received an advancement, should receive anything, and then, if any of the land remained, it was to be equally divided among all of his heirs. Argument was had on the construction of such devises and as to the proper practice in an action for partition, brought by a life-tenant and the owner of an undivided interest in remainder in the property. On this state of facts the court held :
1. That if there be an outstanding life-estate on the whole of a particular tract of land, held by a person who is not an owner of any reversionary interest or estate in remainder in said premises, an action for the partition thereof can not be maintained by any owner of any interest in reversion or remainder therein. Tabler v. Wiseman, 2 O. S., 207.
2. But if one of the remainder-men, or a reversioner, is also the owner of the life-estate in the whole premises, he may maintain such an action, and if his interest' therein can be set off to him without injury to the value of the residue of the estate, it may be done. This may be necessary to enable such owner of the life-estate and an interest in remainder, properly to enjoy and improve his share of the estate. But (unless by the consent of the other owners of the remainder) there ought not to be a partition of the residue among them, for the reason that, if it should be done, they could acquire thereby no present right to the possession of their shares so set off, and the value of such shares, on account of depreciation of the buildings or improvements thereon, or for other reasons, may greatly change before the termination of the outstanding life-estate. Nor ought there to be a sale of the premises, subject to said life-estate, if it cannot be so divided without such con *40 sent; for in such case the owner of the life-estate manifestly would have a great advantage over the other parties in interest, or persons proposing to be purchasers thereof. If the owner of the life-estate agrees to the sale of the premises free of his life-estate therein, and consents to take the value thereof in money, to be fixed and ascertained by the court, we are of the opinion that such sale may be had, if it appear to the court that it will not be to the prejudice of the other parties in interest. 2 O. S., 208; 11 Ohio, 390.
Frazier & Roudebush, for plaintiff in error.
Townley & Woodlief, for defendant in error.
3. The petitioner here, however, is not entitled to a partition of the first described tract, for the reason that Cynthia Elrod, whose heirs are to take the estate at her death, is still living, and therefore it is uncertain, and cannot possibly be now ascertained, who will be the heirs of said Cynthia Elrod, or what the shares of each of her heirs will be.
4. Nor is he now entitled to the partition of the said second tract against the objection of any one of the remainder-men, for the reason that, by the will of the testator, the division thereof among his heirs, and the settlement of the advancements made to two of his heirs, was to be made and determined after the death of the said Cynthia Elrod, and the application now made for.the partition thereof is premature.